UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE: MATTHEW M. COURTMAN     MISC. 05-37

JUDGE JAMES

MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Matthew Courtman is an attorney who was admitted to the bar of the Western District of Louisiana in November 1989. He has participated as counsel in more than 40 cases before the court. His recent actions and inactions caused Judge Robert G. James to suspend Mr. Courtman for 90 days from the bar of this court and initiate this disciplinary proceeding pursuant to Local Rule 83.2.10W.

Judge James also appointed the undersigned magistrate judge to conduct a hearing and issue a Report and Recommendation to the active Article III judges regarding the disbarment of Mr. Courtman or other appropriate discipline. That hearing was held on November 14, 2005. Mr. Courtman did not appear at the hearing, nor did he comply with any of the pre-hearing deadlines imposed by the court. Documentary evidence and the testimony of Magistrate Judge James Kirk were received at the hearing. For the reasons that follow, it is

recommended that the active Article III judges of this court vote to disbar Matthew Courtman from the practice of law in the United States District Court for the Western District of Louisiana.

**Local Rule Governing Attorney Discipline**

Any judge of this court may initiate disciplinary proceedings pursuant to Local Rule 83.2.10W(A), and the discipline may include a fine, suspension or disbarment. The judge may take action directly or, when appropriate, by submitting the matter to a special master, a magistrate judge or the chief judge for a hearing. L.R. 83.2.10W(A)(1). A disciplinary proceeding initiated under Section A shall be submitted to the active judges of the court. The decision of the disciplinary matter "shall be by a majority vote of the active Article III judges of this Court in a regular or special meeting or in conference call." L.R. 83.2.10W(B)(2).

**Burden of Proof; Due Process**

Disbarment cases are quasi-criminal proceedings that require proof only by clear and convincing evidence. Sealed Appellant 1 v. Sealed Appellee 1, 211 F.3d 252, 254-55 (5th Cir. 2000). Due process requires that an attorney facing potential disbarment receive "notice and an opportunity to be heard," but "only rarely will more be required." Sealed Appellant 1, 211 F.3d at 254.

Disbarment is, in effect, a punishment or penalty imposed on a lawyer, but disbarment is also intended to protect the public from persons who are not fit to practice before a court. Dailey v. Vought Aircraft Co., 141 F.3d 224, 229 (5th Cir. 1998). See also Crowe v. Smith,

151 F.3d 217, 229 (5th Cir. 1998).  The power of disbarment is necessary to protect the public's confidence in the legal profession and the judicial system, because a court implicitly represents to the public that an attorney admitted to its bar is in good standing to do so.  In re Sealed Appellant, 194 F.3d 666, 674 (5th Cir. 1999).

**Relevant Facts**

The facts set forth below have been established by clear and convincing evidence, went uncontested despite notice and an opportunity to challenge, or are reflected in the record of this and a related proceeding. The events leading to this proceeding began during Mr. Courtman's representation of the plaintiff in Jeams Brown v. Tyco Plastics and Adhesives, Inc., 03 CV 1007, an employment discrimination case that was assigned to Judge James and Magistrate Judge Kirk.  Mr. Courtman's client asserted, in his initial disclosures, damages that included $40,000 per year in lost income and benefits.  Tyco served written discovery requests that sought information, including tax returns, about income earned by Plaintiff after his termination by Tyco.  Counsel for Tyco later filed a motion to compel that represented that Mr. Courtman had provided some responses on behalf of his client but had not produced all of the documents requested and had not offered a valid reason for failing to execute a form authorizing release of Plaintiff's tax records.  Mr. Courtman did not file any opposition to the motion.  Magistrate Judge Kirk, noting the lack of opposition, entered an order that

Plaintiff respond to the outstanding discovery requests by July 26, 2004. Hearing Exhibit 4.[1]

On August 17, 2004, more than two weeks after the deadline imposed on Mr. Courtman's client by Magistrate Judge Kirk, Tyco returned to court with a motion for sanctions. Tyco's counsel represented that Mr. Courtman had, despite the order compelling production, continued to question Tyco's need for the requested documents. Mr. Courtman, Tyco alleged, eventually promised in oral conversations and written correspondence that certain tax returns would be forwarded to Tyco's counsel by August 9, 2004. The documents were not produced. Hearing Exhibit 5.

Judge James entered an order that continued the trial date because of the outstanding discovery issues. He referred Tyco's motion for sanctions to Magistrate Judge Kirk and scheduled a hearing on the motion for September 9, 2004. Hearing Exhibit 6. Magistrate Judge Kirk traveled from Alexandria to Monroe for the hearing, and counsel for Tyco traveled from New Orleans. Mr. Courtman failed to appear. The court tried to reach Mr. Courtman by telephone, but the call was received by an answering machine and voice mail. Magistrate Judge Kirk later received a letter from Mr. Courtman. The letter, dated the day after the hearing, reads:

> "I arrived at my office this morning to hear Kayla May's voice mail from yesterday regarding my missing a conference with you. I am writing to extend my deepest apologies; my non-attendance was certainly not meant as any disrespect for you."

---

[1] The exhibits admitted at the hearing are located in the record of this proceeding at Doc. 6.

Magistrate Judge Kirk later entered an Order and Report and Recommendation that recited the facts surrounding the motion for sanctions and related hearing. He found that Mr. Courtman's failure to produce the subject documents was a "direct and contumacious disregard for the lawful orders of this court." He also wrote that this episode was "not the first transgression by Mr. Courtman in this court." Mr. Courtman, he wrote, "regularly fails to respond to discovery, fails to file pleadings timely or at all, and refuses to comply with the rules and direct orders of this court." He concluded that "Courtman should not be allowed to practice law in this court." Magistrate Judge Kirk imposed a sanction on Mr. Courtman and his client of $4,592.50, and he recommended that Mr. Courtman be removed as counsel in the Brown case and "be suspended from practice before this court until such time as he can demonstrate a willingness and commitment to comply with the Federal Rules of Civil Procedure, the rules of this court, and the lawful orders of this court." Hearing Exhibits 7, 8 and 9.

    Mr. Courtman filed an objection in which he took "full responsibility for missing the sanctions hearing." Hearing Exhibit 10. He said that he "offers no excuse, but rather, an explanation that the matter simply did not make it onto his calendar," a mistake that he attributed to his inability to afford more than a part-time assistant because he represents poor clients. He also argued that the original motion to compel had been untimely, that Magistrate Judge Kirk's order did not require him to produce the documents at issue, and that the documents were not relevant. Counsel for Tyco filed an opposition to Mr. Courtman's

objection that responded to Mr. Courtman's arguments and set forth the frustrating history of Tyco's efforts to obtain the financial documents. Hearing Exhibit 11.

Judge James entered an order that affirmed the sanction against Mr. Courtman and his client and ordered that Mr. Courtman be removed as counsel in the Brown case. Judge James also initiated a disciplinary proceeding pursuant to Local Rule 83.2.10W(B)(2) and directed that Mr. Courtman not accept any new cases that involve the representation of parties before the Western District of Louisiana until a decision was made concerning Mr. Courtman's status as a member of the bar of this court. Hearing Exhibit 12.

A few months later, Chief Judge Richard T. Haik, Sr. notified Mr. Courtman by letter that Judge James had agreed to a delay of a hearing on Mr. Courtman's suspension for at least 60 days. That agreement was based on Mr. Courtman's representation to Chief Judge Haik that he had only two cases pending in the Western District of Louisiana and that, during the 60-day period, Mr. Courtman would settle those two cases and then voluntarily withdraw from practice in the Western District of Louisiayepna. Judge James, soon afterward, notified Mr. Courtman that he had not two but ten cases pending in this district. Judge James directed Mr. Courtman to resolve all of those cases or withdraw as counsel within the permitted time. Mr. Courtman did not fulfill his promises on a timely basis or within the several extensions of time that were afforded by the court. Hearing Exhibits 1, 2 and 3; Memorandum Order at Doc. 1, pg. 2.

Judge James then initiated this proceeding on September 9, 2005 by issuing a Memorandum Order that summarized the history of Mr. Courtman's transgressions, suspended Mr. Courtman from the practice of law in the Western District of Louisiana for 90 days, and ordered Mr. Courtman to "notify all clients whom he currently represents in actions pending before courts in the Western District of Louisiana of his suspension from practice and possible disbarment and furnish them with a copy of this Order." Doc. 1. Judge James also appointed the undersigned magistrate judge to conduct a hearing on Mr. Courtman's disbarment and to issue a Report and Recommendation to the active Article III judges of this court within the 90-day period.

After being assigned this matter, and before setting a hearing date, the undersigned issued a Memorandum Order on September 16, 2005 that gave Mr Courtman notice of the five areas of attorney misconduct charged in Judge James' order. The areas of misconduct were described as: (1) failure to provide discovery; (2) failure to comply with an order granting a motion to compel; (3) failure to appear for a hearing on a motion for sanctions; (4) misrepresentation to Chief Judge Haik about the number of cases counsel had pending in this district; and (5) failure to resolve all pending cases and withdraw from practice in this district despite counsel's assurances that he would do so.

The Memorandum Order also permitted Mr. Courtman an opportunity to be heard with respect to the charges against him. He was permitted until October 7, 2005 to file (1) witness and exhibit lists and (2) a written response to the charges against him. In addition to

permitting Mr. Courtman an opportunity to be heard with respect to the charges, the scheduled obligations were designed to allow the undersigned an opportunity to assess the nature and extent of Mr. Courtman's defense, if any, to the charges and decide whether it would be necessary to appoint the United States Attorney or other prosecutor to conduct an investigation and present evidence at the hearing. See Sealed Appellant 1, 211 F.3d at 254 (U.S. Attorney appointed); and Hon. Henry A. Politz, When Discipline Strikes on the Federal Side: Attorney Admission and Discipline in Federal Courts, 47 La. Bar J. 494 (April 2000)(court may appoint an attorney as prosecutor for discipline proceedings).

The Memorandum Order also directed Mr. Courtman to file in the record of this proceeding, and in every open case in which he was then enrolled as counsel (four such cases were identified in the order), evidence of his compliance with the notice requirements of Judge James' Memorandum Order. The Memorandum Order warned: "Failure to do so may be considered additional grounds for discipline." Finally, the order permitted Mr. Courtman to obviate the need for a hearing if he would (1) withdraw from his cases in this district and (2) submit to the undersigned a written consent to his disbarment from the Western District of Louisiana.

In the meantime, the copy of Judge James' Memorandum Order that was mailed to Mr. Courtman at the last address he provided the court was returned by the postal service, marked undeliverable. Efforts to contact Mr. Courtman at the telephone and fax numbers he last provided the court were unsuccessful. The clerk, at the instruction of the undersigned,

mailed Judge James' Memorandum Order to Mr. Courtman at two other addresses he was believed to use or have used. The items mailed to 1131 Finks Hideaway Rd., Monroe, LA 71203 were not returned, so it is presumed that Mr. Courtman received them. Furthermore, Local Rule 11.1W(A) provides that an attorney "has a continuing obligation to apprise the court of any address change." Accordingly, only Mr. Courtman is to blame for any lack of notice.

Mr. Courtman did not file anything by the October 7, 2005 deadline. His lack of response indicated that he did not contest the facts asserted in the charges against him, so the undersigned elected to schedule the hearing without the appointment of a prosecutor. A Memorandum Order issued on October 12, 2005 set a hearing for Monday, November 14, 2005 at 11:00 a.m. in the Third Floor Courtroom in the United States District Courthouse in Monroe. Doc. 3. The order explained that Mr. Courtman's failure to file a timely exhibit or witness list precluded him from offering evidence at the hearing, but the order provided that Mr. Courtman would be permitted to present argument with respect to any legal issues he believed relevant and the discipline that he believed appropriate under the circumstances. The clerk mailed a copy of the order to Mr. Courtman at the address he last provided the court and at the Finks Hideaway address. The mail delivered to the Finks Hideaway address was not returned.

Mr. Courtman did not consent to disbarment, so the hearing was conducted to receive evidence and permit Mr. Courtman yet another opportunity to respond to the charges against

him. The undersigned, a law clerk and a court reporter traveled from Shreveport to Monroe for the hearing. Magistrate Judge Kirk traveled from Alexandria. Mr. Courtman did not appear at the scheduled 11:00 a.m. time. The undersigned waited until 11:13 a.m. and commenced the hearing.

The several exhibits discussed above were admitted, and the undersigned outlined for the record the events that led to the hearing. Magistrate Judge Kirk testified with respect to the events that occurred in the <u>Brown</u> case, described above. He also described a number of specific instances where Mr. Courtman had, over the last two to three years, failed to comply with deadlines, filed deficient pleadings, failed to timely serve complaints, neglected cases, and disregarded court orders. Magistrate Judge Kirk also testified that opposing counsel were sometimes unable to contact Mr. Courtman. The hearing concluded at 11:35 a.m. Mr. Courtman never appeared, and he did not contact the undersigned or any Monroe court staff to suggest that he was delayed or to explain his absence. As of this date, the undersigned has received no communication from Mr. Courtman and is unaware of any post-hearing communication between Mr. Courtman and any judges or court staff.

**Professional Misconduct Was Committed**

This court has adopted, by Local Rule 83.2.4W, the Rules of Professional Conduct of the Louisiana State Bar Association. Those rules require that a lawyer "provide competent representation to a client" and "make reasonable efforts to expedite litigation consistent with the interests of the client." Rules 1.1 and 3.2. The undersigned is not personally familiar

with Mr. Courtman and has never met him, but his written submissions in the <u>Brown</u> case indicate that he is an intelligent attorney who is capable of performing quality work when he desires. However, the overall record of the <u>Brown</u> case and this disciplinary proceeding indicate that Mr. Courtman seldom bothers to demonstrate his abilities within the deadlines set by the rules and the court. His failures to act promptly resulted in a continuance of the <u>Brown</u> trial and the unnecessary waste of time by Judge James, Magistrate Judge Kirk and counsel for Tyco. His actions and inactions demonstrate that he has not provided competent representation to his client and that he has not made reasonable efforts to expedite litigation.

Rule 3.3 states that a lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal. Mr. Courtman's communications with Chief Judge Haik included a misrepresentation regarding the number of cases in which Mr. Courtman was then enrolled. Mr. Courtman also misrepresented to Chief Judge Haik that he would withdraw from his pending cases and the practice of law in this court. Those actions violated Rule 3.3.

Rule 3.4 states that a lawyer shall not unlawfully obstruct another party's access to evidence and shall not knowingly disobey an obligation under the rules of a tribunal. Rule 3.4 also requires, in pretrial proceedings, that a lawyer make reasonably diligent efforts to comply with a legally proper discovery request by an opposing party. Magistrate Judge Kirk determined that certain tax records were relevant to Mr. Courtman's client's claim for lost income and benefits, and he ordered that Mr. Courtman respond to a discovery request for

those documents. The record demonstrates, and there is no countervailing evidence, that Mr. Courtman continued to dispute his obligation to provide the documents. (Counsel for Tyco represented that Mr. Courtman also promised to produce the documents by a certain date, but he never did so.) Mr. Courtman's actions violated Rule 3.4.

Rule 8.1 provides that an attorney shall not fail to cooperate with the Office of Disciplinary Counsel in its investigation of any matter before it except for an openly expressed claim of a constitutional privilege. These proceedings are the federal equivalent of an investigation by the Office of Disciplinary Counsel. Mr. Courtman has not directly or overtly refused to cooperate in these proceedings, but he neither offered a response to the charges against him nor withdrew from practice voluntarily so as to obviate the need for the hearing. As a result, Magistrate Judge Kirk and the undersigned wasted the better part of a day traveling to Monroe for a hearing at which Mr. Courtman did not appear. These facts should also be considered misconduct or, at a minimum, aggravating factors.

Mr. Courtman also failed to comply with the court's order that he file evidence in the record that he served a copy of Judge James' order on his clients in Mr. Courtman's pending cases. That failure is analogous to a violation of Rule 8.1(c) for failure to cooperate in the disciplinary investigation and runs afoul of Rule 3.4(c)'s requirement that a lawyer shall not knowingly disobey an obligation under the rules of a tribunal.

Courts also have inherent authority to disbar attorneys whose conduct constituted or was tantamount to bad faith. In re Sealed Appellant, 194 F.3d at 671. Mr. Courtman's

misrepresentations to Chief Judge Haik regarding the number of cases in which he was enrolled and that he would voluntarily withdraw from those cases can be attributed to nothing other than bad faith. Mr. Courtman has been given opportunity after opportunity to explain or defend his actions, but he has offered nothing. Those facts, together with Mr. Courtman's lengthy history of failures in the Brown case and in the other cases described by Magistrate Judge Kirk, demonstrate bad faith.

**Disbarment is the Appropriate Discipline**

In imposing a sanction after a finding of misconduct, a court should consider the duties violated, the attorney's mental state, the actual or potential injury caused by the attorney's misconduct, and the existence of aggravating or mitigating factors. In re Sealed Appellant, 194 F.3d at 673. Disbarment is generally appropriate when a lawyer engages in intentional conduct that involves dishonesty, fraud, deceit, or misrepresentation that seriously and adversely reflects on the attorney's fitness to practice. Id.

Mr. Courtman violated ethical duties owed to his clients, the legal profession and the court. Some of his conduct involved dishonesty and misrepresentation to the court. His continuing lack of communication with the court means that the effects of his misconduct will linger as the court attempts to resolve civil actions in which the plaintiff's attorney has failed to withdraw as promised or provide the court with contact information for his client, as is required by Local Rule 83.2.11 when an attorney withdraws as counsel. There is no record evidence of any mitigating factors.

Disbarment is the most appropriate disciplinary action. Mr. Courtman's repeated failures to comply with orders of the court, his misrepresentations to the court, and his other failures discussed above portray an attorney who is not competent and deserving to practice before this court. Disbarment is necessary to protect members of the public from having Mr. Courtman mishandle their legal matters before this court. It will also avoid negative reflections on this court, which implicitly represents to the public that an attorney permitted to practice before it is fit to do so. There are no reasonable grounds to believe that a lesser sanction would be more appropriate or effective. Local Rule 83.2.10W(D) will permit Mr. Courtman to file a petition for readmission two years after the date of the disbarment.

Accordingly,

**IT IS RECOMMENDED** that the active Article III Judges of the Western District of Louisiana, acting in a regular or special meeting or in a conference call as permitted by Local Rule 83.2.10W(B)(2), vote to disbar Matthew M. Courtman from practice of law in the United States District Court for Western District of Louisiana.

## Objections

Mr. Courtman will be permitted until **December 9, 2005** to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). *A courtesy copy of any objections should be provided to each active Article III judge of the court at the time of filing.*

Failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within the time permitted, shall act as a bar, except upon grounds of plain error, to attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 21st day of November, 2005.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE